**XIAO QING WANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.**

No. 06–5680–ag.

United States Court of Appeals,
Second Circuit.

Aug. 8, 2007.

Theodore N. Cox, New York, NY, for
Petitioner.

Peter D. Keisler, Assistant Attorney
General, Cindy S. Ferrier, Senior Litigation
Counsel, Rebecca A. Niburg, Trial
Attorney, Office of Immigration Litigation,
Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Qing Wang, a native and citizen of China, seeks review of a November 16, 2006 order of the BIA affirming the May 25, 2005 decision of Immigration Judge ("IJ") Margaret McManus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Xiao Qing Wang*, No. A79 617 878 (B.I.A. Nov. 16, 2006), *aff'g* No. A79 617 878 (Immig. Ct. N.Y. City May 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

 As a preliminary matter, Wang is correct that he need not prove his actual practice of Falun Gong to demonstrate past persecution on account of a protected ground. *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005). Thus, the IJ's conclusion that Wang failed to prove he was a Falun Gong practitioner in China is irrele-vant to the past persecution analysis. However, even assuming that Wang was arrested because of his perceived Falun Gong practice, Wang still had to demonstrate that the harm he suffered on account of that practice rose to the level of persecution. *See generally* 8 C.F.R. § 208.13(a)–(b). We agree with the IJ that it did not.

22 An IJ's past persecution finding involves the application of law to a particular set of facts and is reviewed *de novo*. *See, e.g., Edimo–Doualla v. Gonzales*, 464 F.3d 276, 281 (2d Cir.2006). The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985). This Court has clarified that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales*, 467 F.3d 223, 225 (2d Cir.2006).

In this case, the harm that Wang claimed to have suffered was a 10–day detention. At the hearing, when Wang was asked whether anything happened to him during his detention, he stated that he had to sign a repentance letter promising that he would no longer participate in Falun Gong. He did not indicate that he was otherwise mistreated in any way while in prison, nor that he suffered any physical or psychological harm as a result of his detention. Based on this testimony, we agree with the IJ that Wang has not demonstrated that he suffered past persecution in China.

Because Wang failed to establish past persecution, he had the burden of establishing a well-founded fear of persecution in order to prove eligibility for asylum. 8 C.F.R. § 208.13(a), (b)(1). In addressing

the well-founded fear of persecution issue, Wang's brief focuses exclusively on country conditions in China. However, country conditions are not at issue here because the IJ explicitly stated that such conditions would support Wang's claim if he established that he was a Falun Gong practitioner or would be perceived as one. In his brief, Wang raised no arguments indicating why the Chinese government would seek to persecute him upon return to China. Arguably, Wang's argument could be interpreted as making only a pattern and practice claim regarding Falun Gong practitioners. However, in order to prove a well-founded fear of persecution based on a pattern and practice of persecution against a particular group, the asylum applicant must demonstrate that he is a member of that group or will be perceived as a member of that group. *See* 8 C.F.R. § 208.13(b)(2)(iii). Other than asserting that he was arrested as a suspected member of Falun Gong, Wang presented no arguments indicating why the Chinese government would perceive him as a Falun Gong practitioner when he returns to China, especially given his testimony regarding his very limited involvement with Falun Gong in the United States.

Wang does not raise any arguments regarding the denial of his withholding of removal or CAT claims in his brief to this Court. Thus, those claims are deemed abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.